**Filed: February 9, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| FRANCES PATTERSON, administrator of | * | |
| the estate of BRIAN PATTERSON, | * | |
| Deceased, | * | |
| | * | |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Joint Stipulation on Damages; |
| SECRETARY OF HEALTH | * | Influenza (Flu) vaccine; Tetanus- |
| AND HUMAN SERVICES, | * | Diphteria-Acellular-Pertussis (Tdap) |
| | * | Vaccine; Guillain-Barre Syndrome |
| Respondent. | * | (GBS); death. |
| | * | |
| * * * * * * * * * * * * * * * * | | |

Ronald Craig Homer, Conway, Homer & Chin-Caplan, PC, Boston, MA, for petitioner.
Julia Wernett McInerny, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On January 27, 2014, Frances Patterson ("petitioner"), the administrator of the estate of her late husband, Brian Patterson ("Brian"), filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner requested compensation for injury and death resulting from the administration of a tetanus-diphteria-acellular-pertussis ("Tdap") vaccine to Brian.  Petitioner amended her petition on October 7,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

2014, stating that as a result of both an influenza ("flu") vaccine that Brian received on November 10, 2011, and a Tdap vaccine he received on December 28, 2011, he suffered from Guillain-Barré syndrome ("GBS") which ultimately resulted in his death on February 15, 2012. See Amended Petition at 1.

On February 9, 2015, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that the Tdap and/or flu vaccine caused Brian's alleged GBS, any other injury, or death. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $320,000.00, in the form of a check payable to petitioner as legal representative of Brian Patterson's estate**. This amount represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

FRANCES PATTERSON, administrator of the estate of BRIAN PATTERSON, Deceased.

        Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

No. 14-069V

ECF

Special Master Dorsey

## STIPULATION

The parties hereby stipulate to the following matters:

1. Frances Patterson ("petitioner") filed a petition for vaccine compensation on behalf of the estate of Brian Patterson ("Brian") under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), and subsequently filed an amended petition. The amended petition seeks compensation for Brian's injury and death, which petitioner alleges were caused by his receipt of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, and/or influenza ("flu") vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Brian received his flu vaccine on November 10, 2011 and his Tdap vaccine on December 28, 2011.

3. The vaccines were administered within the United States.

4. Petitioner alleges that Brian suffered Guillain-Barré Syndrome ("GBS") as a result of his Tdap and/or flu vaccinations, and that he subsequently died as a result of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Brian as a result of his alleged vaccine injury or his death.

6. Respondent denies that the Tdap and/or flu vaccine caused Brian's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $320,000.00 in the form of a check payable to petitioner as legal representative of Brian Patterson's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Brian Patterson under the laws of the State of Connecticut. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Brian Patterson. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Brian Patterson at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Brian Patterson upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and any amounts awarded pursuant to paragraph 9, petitioner, in her individual capacity and as administrator of the Estate of Brian Patterson, and on behalf of Brian's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to and death of

3

Brian Patterson resulting from, or alleged to have resulted from, the flu vaccination administered on November 10, 2011 and/or the Tdap vaccination administered on December 28, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about January 27, 2014 and amended on October 7, 2014, in the United States Court of Federal Claims as petition No. 14-069.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap and/or flu vaccines caused or contributed to Brian's alleged GBS or any other injury or his death.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as administrator of the Estate of Brian Patterson.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

FRANCES PATTERSON,
administrator of the estate of
BRIAN PATTERSON

ATTORNEY OF RECORD FOR
PETITIONER:

Ronald C. Homer by Christina Ciampolillo
Rule 83.1(c)(2)
RONALD C. HOMER
CONWAY, HOMER
& CHIN-CAPLAN, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 2.9.15

ATTORNEY OF RECORD FOR
RESPONDENT:

JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

5